Mr, Justice ’Wylie
delivered the opinion of the court.
The Secretary of State, who has the distribution of this fund, under the act of Congress passed for the purpose of carrying out the treaty, has directed that one-half shall be paid to the claimants before the commission — the widows and legal representatives of these three American citizens who were robbed and murdered in Mexico. That half has been paid, and the parties are satisfied. There is now a dispute among the agents and counsel over the other half as to who shall be entitled to it. The money being in the Treasury, subject to the control of the Secretary of State, it has been thought best by the complainant hereto make him a party to these proceedings. lie has not, however, appeared and answered, but we do not regard that as essential. All the parties who claim any interest in this money are before the court, except the claimants before the commission, who are residents of the State of Missouri. They are made parties, and publication was made to bring them in, but they ■have not appeared. We have, however, their evidence, and as they make no claim to the fund here, wre do not regard them as material parties. Now, with all the parties having any interest in the fund, and the money in the Treasury of the United States, subject by the terms of the act of Congress to the orders of the Secretary of State, the question is, whether the court has jurisdiction.
The cases of Comegys vs. Vasse, in 1 Peters, and of Wylie vs. Cox, in 15 Howard, and perhaps two or three other cases, have been supposed to bear somewhat upon this question But in those cases the money was not in the Treasury of the United States. In the case of Comegys vs. Vasse it had been paid by the Treasury to one of the parties, and the action was brought in Philadelphia by the other parties to the case — an action for money had and received. Nor in the case of Wylie vs. Cox was the money in the Treasury. It had been drawn by the administrator of the estate, and the bill was filed by the attorney claiming *150 it. There is also another class of cases to which our attention has been called and which are supposed to bear upon this question. We do not think, however, that they have anything to do with it. They are cases which have been decided under the treaty of Guadalupe Hidalgo, between the United States and Mexico in 1848, and the act of Congress which was passed the following year for .the purpose of carrying that treaty into effect, and for distributing' the funds which might be awarded under that treaty. The 6th section of the act of Congress carrying that treaty into effect, authorized claimants who had not been recognized by the commissioners, and who might assert claims against the fund, to institute their suits within a fixed period. So that all the cases which have arisen under the treaty of Guadalupe Hidalgo must be laid out of the question, because they were provided for by a special act of Congress.
The case of Lewis vs. Bell, which was entertained by the Supreme Court of the United States, does not bear upon, the question here. The money in that case was in the Treasury, but the law for carrying the treaty with Brazil, there referred to, into effect contained the same provision which was contained in the law relating to the Guadalupe Hidalgo treaty. Indeed it refers in express terms to the 6th section of that act.
The only class of cases that we find which raises the question purely whether litigants may be entertained in this court in regard to a fund in the Treasury of the United States, are cases which have arisen under the treaty with France on the 4th of July, 1831, and the act of Congress of the following year which provided for the carrying of that treaty into effect. Neither that act nor that treaty contained any authority to the courts to take jurisdiction in regard to litigation between the claimants over the fund awarded. But a number of cases have arisen under that treaty, and have been entertained both by this court and by the Supreme Court of the United States.
I will refer in the first place to the case of Ridgway vs. Hays, decided by this court and reported in 5 Cranch Circuit *151 Court Reports, page 23. That was a controversy which arose under the French treaty, and the court took jurisdiction because it had the parties before it. The fund was in the Treasury. The officers of the Treasury and the Department — the Secretary of the Treasury and the Treasurer himself — were made parties to that suit. They appeared and entered a plea, to the jurisdiction. It was by way of answer. They said, notwithstanding their plea to the jurisdiction, if the court decided to take jurisdiction, they would respect the decision of the court in the distribution of the fund. There is another case, the case of Dutilli’s administrator vs. Coursault, also reported in 5 Cranch Circuit Court Deports, 349, in which there is a very interesting and very able discussion of this subject by the late Chief Justice Cranch.- He referred to very high authorities there, and the opinion in that case is well worthy of consideration. It is a case not cited by counsel on either side in the argument, but it followed soon after the previous case of Ridgway vs. Hays. And the same questions arising in both cases must have been fully considered by that court after this -double discussion, and they were decided in favor of the jurisdiction of the court. There is another and an analagous ■case, not arising under the French treaty, but under a treaty between the United States and Great Britain — the case of Pemberton vs. Lockett et al., reported in 21 Howard, 257-260. The Commission sat in that case in London and made an award in favor of an American citizen for a considerable amount. The money having been paid by the British Government to our Government, was in the Treasury here to be paid to the claimants. We had no act of Congress upon this subject that I have been able to find as to the distribution of the award. The gentlemen who had been counsel in the case for the claimant filed a bill in this court praying to be allowed their fees out of the fund. The court took jurisdiction of the case, the parties being here, and decided in favor of the counsel. The case was taken to the Supreme Court of the United States, and the decree below was reversed, but it was upon the ground that the counsel had *152 no standing under the circumstances of that case; the treaty providing that each government should be represented by its selected agents, and that each government had been so represented by its chosen agent.
Jesup Miller and Milton T. Southard argued in support, of the jurisdiction.
J. J. Johnson, S. S. Henkle and G-. B. White, contra.
I think, also, that our own practice — the practice of this court as far back as my memory goes, has been a uniform course of decision in favor of the jurisdiction of the court,, where it had the parties here before it, and beyond that point we need not go, and we do not propose to go in this case. We do not wish to intimate an opinion, or an impression even, that if the fund is in the Treasury, and if the party is not here, that that would make any difference. That is not the question to be decided in the cases now under consideration. We are not now required to go beyond the fact that the fund is in the Treasury here, and the parties claiming the fund are before the court, and this w7e hold gives us jurisdiction of the case.
[The court then went into the merits of the case, and,, reviewing the facts, decided against the plaintiffs and dismissed the bill.]